**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GAIL HALL**                                                                                          **PLAINTIFF**

**v.**                              **CASE NO. 4:08CV4214 BSM**

**USABLE LIFE**                                                                                       **DEFENDANT**

## ORDER

Pending before the court are plaintiff's second motion for remand to state court [Doc. No. 22].

### I. Background

Plaintiff Gail Hall worked as a registered nurse for St. Bernard's Medical Center (SBMC). SBMC employees are covered by a Long Term Disability Plan [the plan] that is administered by defendant USABLE Life. After being denied long term disability benefits, Hall initiated the present lawsuit before the Pulaski County Circuit Court. She alleged that she had wrongfully been denied long-term disability benefits. USABLE alleged that the Employee Retirement Income Security Act of 1974 [ERISA] applied and, pursuant to 28 U.S.C. § 1441, had the case removed to federal court.

On December 26, 2008, Hall filed a motion seeking to have the case remanded back to state court. She argued that the plan is a "church plan" and, as such, the plan is exempt from ERISA. In its response filed on January 6, 2009, USABLE asserted that Hall had failed to carry forth her burden of proving an exception to federal court jurisdiction and that the motion should be denied. In the alternative, USABLE asked for permission to undertake

limited discovery and make further factual submission and legal arguments as to whether the plan is a church plan. On January 16, 2009, Hall filed a motion also seeking permission to perform limited discovery as to whether the plan is indeed a church plan. A text order was entered on February 3, 2009, giving the parties forty-five days to conduct limited discovery, the stipulated record was due sixty days from that date, Hall's brief was due fourteen days thereafter, and USABLE's brief was due fourteen days after the Hall's brief.

The parties have now completed the limited discovery and Hall has filed a second motion for remand.

## II. Discussion

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Generally, an action arises under federal law only if issues of federal law are raised in the plaintiff's well pleaded complaint. *Hull v. Fallon*, 188 F.3d 939, *942 (8th Cir. 1999). An exception to this rule is the complete preemption doctrine. *Id*. This doctrine provides that to the extent that Congress has displaced a plaintiff's state law claim a plaintiff's attempt to utilize the displaced state law is properly recharacterized as a complaint arising under federal law. *Id*.

ERISA broadly preempts any and all state laws in so far as they may now or hereafter related to any employee benefit plan governed by ERISA. *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, *894 (8th Cir. 2005); *Eide v. Grey Fox Tech Servs. Corp.*, 329 F.3d 600, *604 (8th Cir. 2003). Actions initiated in state court that are within the scope of and are

preempted by ERISA may be removed to federal court. *Eide*, 329 F.3d at *604. A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, *1033 (9th Cir. 2008). A plaintiff seeking remand, however, has the burden of proving that an express exception to removal exists. *Id*.

Title 29, section 1003(b) of the United States Code exempts church plans "with respect to which no election has been made under section 410(d) of Title 26" from ERISA. Church plans are defined as plans established and maintained by a church or by a convention or association of churches for it employees or their beneficiaries which are exempt from tax under section 501 of Title 26. 29 U.S.C.A. § 1002(33)(A). Church plans include plans established and maintained by:

> an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is *controlled by or associated* with a church or a convention of churches.

29 U.S.C.A. § 1002(33)(C)(i) (emphasis added). An organization, whether a civil law corporation or a convention or otherwise, is associated with a church or a convention or association of churches if it shares common religious bonds and convictions with that church or convention or association of churches. 29 U.S.C.A. § 1002(33)(C)(iv). Hall has the burden of establishing that her disability plan is a church plan. *Cambron v. USABLE Life Ins. Co.*, No. 3:04CV00233 JMM (E.D. Ark. May 10, 2007) (order).

Hall argues that SBMC is controlled by the catholic church. The Eighth Circuit has adopted a three-part test to assist in determining whether an organization is controlled by a church. *Chronister v. Baptist Health*, 442 F.3d 648, *653 (8th Cir. 2006). The three parts of the test are as follows: (1) whether the religious institution plans an official role in the governance of the organization, (2) whether the organization receives assistance from the religious institution, and (3) whether a denominational requirement exists for any employee or patient or customer of the organization. *Id.*

The plan is not a church plan because (1) SBMC does not receive financial assistance from the Catholic Church and (2) there is no denominational requirement for SBMC's patients, board members, or employees.

The record before the court reveals the following. SBMC was founded in 1900 by the Olivetan Benedictine Sisters as a means of ministering to the sick and needy of Jonesboro and Northeast Arkansas. The Olivetan Benedictine Sisters are a religious order established under the rules of the Roman Catholic Church. In the 1960's a separate legal entity was established for SBMC. SBMC receives its funding from its patients with an ability to pay, Medicare, Medicaid, commercial insurance, and grants. SBMC receives no direction from the Olivetan Benedictine Sisters regarding benefits. Although, SBMC follows the tenets of the Roman Catholic Church, it has no denominational requirement for its patients, board, or employees.

St. Bernards Healthcare was established in April 2000 and is the parent entity for

SBMC. The Olivetan Benedictine Sisters are the sole members of St. Bernards Healthcare. St Bernards Healthcare is the sole member of SBMC. The governing board of SBMC is composed of thirteen members. The members include five members of the Olivetan Benedictine Sisters, the business manager for the Olivetan Benedictine Sisters, and seven lay citizens from Jonesboro or Northeast Arkansas.

Applying the three-part test to the facts of this case, the court finds that the plan is not a church plan and that the plan is governed by ERISA.

### III. Conclusions

SBMC's long term disability plan is not a church plan and is therefore governed by ERISA. Accordingly, Hall's motion to remand [Doc. No. 8] and second motion to remand [Doc. No. 22] are denied.

IT IS SO ORDERED this 22nd day of July, 2009.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE