IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| GAIL HALL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:08CV04214 SWW |
| | * | |
| USABLE LIFE, | * | |
| | * | |
| Defendant. | * | |

**Order**

Before the Court is plaintiff's motion to award fees and costs in connection with her motion to remand pursuant to 28 U.S.C. § 1447(c). Defendant responded in opposition to the motion.

The statute provides that a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales . . ." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

"Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 14.

Because the Court finds that defendant had an objectively reasonable basis for removing the action based on ERISA, the Court declines to award plaintiff her costs and fees.

IT IS THEREFORE ORDERED that plaintiff's motion for attorneys' fees and costs [docket entry 48] is denied.

DATED this 6th day of May, 2011.

<u>/s/Susan Webber Wright</u>

UNITED STATES DISTRICT JUDGE